IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MARCO GUIRLANDO                                                                                       PLAINTIFF

v.                                            Case No. 1:21-cv-1013

CAPTAIN RICHARD MITCHAM; LIEUTENANT
BILLY PERRY; LIEUTENANT JOHN WARD;
LIEUTENANT PAUL KUGLER; NURSE SHERIE
RICE; DR. DEANNA HOPSON; CORRECTIONAL
OFFICER TUBBS; CORRECTIONAL OFFICER
KEVIN PENDLETON; SHERIFF RICKY ROBERTS,
Union County, Arkansas; CITY TELE-COIN; and
JERRY JUNEAU, Chief Operating Officer City Tele Coin;
UNION COUNTY, ARKANSAS                                                                         DEFENDANTS

## ORDER

Before the Court is a report and recommendation issued by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 57. Judge Bryant recommends that the Court grant in part and deny in part the Motion for Judgment on the Pleadings[1] (ECF No. 43) filed by Defendant City Tele-Coin Company, Inc. ("CTC"). Plaintiff Marco Guirlando objects. ECF No. 61.

### I. BACKGROUND

Plaintiff, representing himself, filed this civil rights action pursuant to 42 U.S.C. § 1983. On June 24, 2021, Plaintiff filed an amended complaint, which remains the operative complaint. ECF No. 19. Plaintiff has named many defendants in this case; however, this Order will focus on

---

[1] The motion was originally filed as a Motion to Dismiss, but City Tele-Coin Company, Inc. has asked the Court to treat the motion as a Motion for Judgment on the Pleadings because the motion was filed after City Tele-Coin, Inc. filed its answer.

the claims against CTC. The claims against CTC are as follows: (1) a Fourteenth Amendment procedural due process claim; (2) a Fourteenth Amendment substantive due process claim (3) a First Amendment retaliation claim; and (4) a state-law negligence claim. These claims arise from incidents that occurred while Plaintiff was incarcerated in the Union County Jail ("UCJ").

Plaintiff alleges that CTC is a private corporation that operates and maintains the phone systems at the UCJ. He claims that Defendant Mitcham worked with CTC to prevent Plaintiff from accessing all communication via kiosk or phone. Because he could not access the kiosk, Plaintiff claims that he could not submit grievances or medical requests. He alleges that on numerous occasions he was deprived of his commissary purchases. He also alleges that he was deprived of apps, movies, and music he had purchased on a tablet provided by the UCJ.

CTC filed a Motion for Judgment on the Pleadings regarding all claims. ECF No. 43. Plaintiff opposed the motion. ECF No. 49. Judge Bryant has issued a report and recommendation addressing CTC's Motion for Judgment on the Pleadings. ECF No. 57. Judge Bryant recommends that the Court grant in part and deny in part the motion. Plaintiff objects. ECF No. 61.

## II. STANDARD

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* W.D. Ark. Local Rule 72.2(VII)(C). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995). Non-specific objections may require "full *de novo* review" if the record is concise. *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994) (requiring *de novo* review when the record was "strikingly brief," and the magistrate judge did not conduct a hearing). A "clearly erroneous" standard of review applies to the portions of a report and recommendation that are not objected to. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).

### III. DISCUSSION

Judge Bryant found that CTC's Motion for Judgment on the Pleadings should be denied as to the following claims: (1) Fourteenth Amendment procedural due process claim; (2) First Amendment retaliation claim; and (3) state law negligence claim. Judge Bryant also found that a determination regarding whether CTC is entitled to qualified immunity cannot be made at this time because the record is insufficient. He further found that CTC is not entitled to statutory immunity. No party has filed objections to these findings. After carefully reviewing the report and recommendation (ECF No. 57) as to these claims, the Court finds no clear error.

Judge Bryant recommends that Plaintiff's Fourteenth Amendment substantive due process claim against CTC be dismissed. Plaintiff objects.

Plaintiff claims that he spent 25% of his time at the UCJ without access to the medical department because CTC prevented access to the kiosk, which was used to submit medical

requests. To establish a substantive due process violation, Plaintiff must allege that CTC violated one or more fundamental constitutional rights and that CTC's conduct was shocking to the contemporary conscience. *Flowers v. City of Minneapolis, Minn.*, 478 F.3d 869, 873 (8th Cir. 2007). A fundamental right is one that is "deeply rooted in this Nation's history and traditions, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if [it] were sacrificed." *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997) (cleaned up).

Judge Bryant correctly recognized that Plaintiff has a right to adequate medical care but found that any right Plaintiff might have to access his medical care via an electronic kiosk is not a fundamental right. Plaintiff does not specifically object to this finding.

Judge Bryant also found that, even assuming CTC violated Plaintiff's fundamental right by blocking access to the kiosk, this conduct does not shock the conscience. Plaintiff objects and argues that "the court erred when it said that the denial of the medical care through the access of the kiosk does not shock the [conscience]." ECF No. 61, p. 3. To satisfy the conscience-shocking standard, the conduct must be "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847-48, n.8 (1998). The Court agrees with Judge Bryant that denying Plaintiff access to the kiosk for significant periods of time does not shock the conscience, especially when Plaintiff had other means of requesting medical care that were not blocked by CTC's alleged conduct. Indeed, Plaintiff indicates that he was able to request paper sick call request forms when he could not access the kiosk. ECF No. 19, p. 12. The alleged conduct of CTC, blocking access to the kiosk, only kept Plaintiff from requesting medical care electronically. It did not prevent him from accessing paper forms to request medical care. Accordingly, the Court finds that Plaintiff has failed to identify any outrageous conduct by CTC that shocks the conscience, and thus his substantive due process claim

must be dismissed.

## IV.  CONCLUSION

Being well and sufficiently advised, and upon *de novo* review of all specific objections, the instant report and recommendation (ECF No. 57) is hereby **ADOPTED** for the above-stated reasons.  The Motion for Judgment on the Pleadings (ECF No. 43) is **GRANTED IN PART** and **DENIED IN PART**.  The motion is **DENIED** as to the following claims:  Fourteenth Amendment procedural due process claim, First Amendment retaliation claim, and state-law negligence claim.  These claims remain for further consideration by Judge Bryant.  The motion is **GRANTED** as to Plaintiff's Fourteenth Amendment substantive due process claim, and this claim is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 29th day of September, 2022.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge