IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MARCO GUIRLANDO                                                                                    PLAINTIFF

v.                                          Case No. 1:21-cv-1013

SHERIFF RICKY ROBERTS, *et al.*                                                              DEFENDANTS

## ORDER

On September 15, 2022, Magistrate Judge Barry A. Bryant entered a text only order (ECF No. 82) denying Plaintiff's motion for extension of time to complete discovery. ECF No. 78. Plaintiff appeals this order. ECF No. 84.

"The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential." *Dochniak v. Dominum Mgmt. Servs.*, 240 F.R.D. 451, 452 (D. Minn. 2006) (citing *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999)). "The Court will reverse such an order only if it is clearly erroneous or contrary to law." *Id.* at 452.

Plaintiff, representing himself in this matter, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's claims in this action arise from alleged incidents that occurred while he was incarcerated in the Union County Jail in El Dorado, Arkansas.[1] Plaintiff alleges various constitutional claims against several Defendants.

On March 28, 2022, an initial scheduling order was entered in this case, which stated that all discovery must be completed by July 26, 2022. ECF No. 64, at 2. The order also stated that "[p]roblems with discovery should be brought to the Court's attention by the filing of a motion to

---

[1] Plaintiff is currently incarcerated in the Federal Correctional Institution in Petersburg, Virginia.

compel, which must be filed within 20 days after the discovery response was due." ECF No. 64, at 2. Further, before any party files such a motion, the scheduling order directs that party "to confer or attempt to confer with the opposing party in an effort to resolve the discovery matter without court action." ECF No. 64, at 2. The scheduling order set an August 25, 2022 deadline for filing a motion for summary judgment. ECF No. 64, at 3.

On August 25, 2022, Defendants Ricky Roberts, Richard Mitcham, and Sherie Rice filed a summary judgment motion. ECF No. 74. Judge Bryant then entered a text only order directing Plaintiff to respond to the summary judgment motion by September 16, 2022. ECF No. 77. On August 26, 2022, one month after the discovery deadline had expired, the Court received a motion from Plaintiff asking the Court for an extension of time to complete discovery. ECF No. 78. In the motion, Plaintiff alleges that Defendants Roberts, Mitcham, and Rice have not responded to certain discovery requests. ECF No. 78. The motion states that Plaintiff "will file [a] Motion to Compel next week" if Defendants "fail[] further in following" the Federal Rules of Civil Procedure regarding the discovery process. ECF No. 78. Plaintiff never filed a motion to compel, and Defendants indicated that they had not received any discovery requests from Plaintiff. ECF Nos. 79, 81. On September 15, 2022, Judge Bryant entered an order denying Plaintiff's motion for extension of time to complete discovery, noting that the discovery deadline and time for bringing discovery disputes to the Court's attention had expired on July 26, 2022. ECF No. 82. Plaintiff is appealing this order.

Federal Rule of Civil Procedure 16(b) governs pretrial scheduling orders, which control the course of an action unless modified. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). The Court "has broad discretion in establishing and enforcing . . . deadlines." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006). "A schedule may be

modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To establish good cause, a party must show its diligence in attempting to meet the progression order."[2] *Marmo*, 457 F.3d at 759.

Here, Plaintiff did not voice any concerns regarding discovery until one month after the discovery deadline had expired. Even then, Plaintiff stated that he would file a motion to compel "next week" if Defendants did not comply with the Federal Rules of Civil Procedure regarding discovery. ECF No. 78. Plaintiff never filed a motion to compel, and almost three weeks passed before Judge Bryant denied Plaintiff's motion for an extension of time to complete discovery. Plaintiff now complains that the prison's COVID-19 policies are hindering his ability to conduct discovery. ECF No. 84. However, in his motion to extend the time to complete discovery, Plaintiff makes no mention of this hinderance. ECF No. 78. Instead, Plaintiff's stated reason for requesting an extension is that Defendants have not responded to his discovery requests. ECF No. 78.

If Plaintiff needed more time to conduct discovery, he should have asked for an extension before the discovery deadline expired. If Defendants were not cooperating in the discovery process, Plaintiff should have filed a timely motion to compel. Any issues with discovery were not brought to the Court's attention until at least one month after the discovery deadline expired, and even then, Plaintiff did not cite to prison COVID-19 policies as a reason for needing an extension of the discovery deadline. Simply put, Plaintiff was not diligent in bringing his

---

[2] Prejudice to the nonmoving party resulting from modification of the scheduling order may also be considered, but the Court generally "will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." *Sherman*, 532 F.3d at 717; *see also Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (reasoning that under Rule 16(b), when the moving party has not shown diligence, the analysis need not proceed to, or consider, the nonmovant's prejudice).

discovery concerns to the Court. Consequently, the Court finds that Plaintiff has not shown good cause as to why the discovery deadline should be extended.

Accordingly, the Court agrees with Judge Bryant that Plaintiff's motion for an extension of time to complete discovery (ECF No. 78) should be denied. Accordingly, Judge Bryant's Order (ECF No. 82) denying the motion is **AFFIRMED**.

**IT IS SO ORDERED**, this 13th day of January, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge