IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MARCO GUIRLANDO                                                                                    PLAINTIFF

v.                                        Case No. 1:21-cv-1013

SHERIFF RICKY ROBERTS, *et al.*                                                           DEFENDANTS

**<u>ORDER</u>**

Plaintiff, Marco Guirlando, filed this 42 U.S.C. § 1983 action on March 25, 2021. He proceeds *pro se* and *in forma pauperis*. Before the Court is Plaintiff's failure to comply with orders of the Court.

On August 25, 2022, Plaintiff was directed to respond to Defendant Dr. Deanna Hopson's Motion for Summary Judgment (ECF No. 66) by September 15, 2022. ECF No. 69. In this Order, Plaintiff was advised that this case would be subject to dismissal if he failed to respond by the deadline. *Id.*

On August 25, 2022, Plaintiff was directed to respond to Defendant City Tele-Coin Company Inc.'s Motion for Summary Judgment (ECF No. 70) by September 15, 2022. ECF No. 73. In this Order, Plaintiff was advised that this case would be subject to dismissal if he failed to respond by the deadline. *Id.*

On August 25, 2022, Plaintiff was directed to respond to Defendant Union County's Motion for Summary Judgment (ECF No. 74) by September 15, 2022. ECF No. 77. In this Order, Plaintiff was advised that this case would be subject to dismissal if he failed to respond by the deadline. *Id.*

While Plaintiff moved for an extension of time to complete discovery (ECF No. 78), he did not request an extension of time to respond to the summary judgment motions. On October 5, 2022, a Show Cause Order (ECF No. 86) was entered directing Plaintiff to show cause by October 26, 2022, why he had not obeyed any of the Court's Orders (ECF Nos. 69, 73, 77) requiring him to file his responses to the three summary judgment motions by September 15, 2022. Plaintiff did not respond to the Show Cause Order. No Orders sent to Plaintiff's address of record have been returned as

undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey the orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, this case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 13th day of January, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge